**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JAMIE LABRANCHE | CIVIL ACTION NO. |
| VERSUS | 21-146-SDD-EWD |
| THE LOUISIANA DEPARTMENT OF JUSTICE | |

**ORDER**

     Before the Court is a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A) filed by Jamie Labranche ("Plaintiff"), who is representing himself.[1] Plaintiff filed suit seeking a writ of mandamus directed to Louisiana Attorney General Jeff Landry ("Landry") of the Louisiana Department of Justice ("DOJ") to produce certain records requested by Plaintiff pursuant to Louisiana's Public Records Act ("PRA"), La. R.S. 44:33, *et seq.*; Article XII, Section 3 of the Louisiana Constitution of 1974; unspecified "Federal Accountability (GAO) Law;" and "other applicable law cited herein."[2] The records relate to a $25 billion agreement between the federal government and forty-nine state attorneys general on the one hand, and the nation's five largest mortgage servicers on the other, "to address mortgage loan servicing and foreclosure abuses."[3] While not entirely clear, it appears that Plaintiff sought the requested records to learn information regarding Louisiana's portion of the settlement, which Plaintiff contends amounted to more than $67 million dollars, including an accounting of where the funds were directed and where they are currently held.[4] Landry has not been served, and thus, there is no response by any defendant in the record. As the basis for this Court's subject matter jurisdiction was not apparent from Plaintiff's pleadings, he was given the opportunity to file an amended

---

[1] Rec. Doc. 10.
[2] Rec. Doc. 1, pp. 1-2, 4-5.
[3] Rec. Doc. 1-1, p. 1.
[4] Rec. Doc. 1-1, p. 2.

LaBranche Certified Mail Receipt : 7020 1810 0000 5305 6107

complaint to adequately allege a basis for federal jurisdiction. Alternatively, Plaintiff was advised that he could voluntarily dismiss the case.[5] Plaintiff chose the latter.

Federal Rule of Civil Procedure 41 provides that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."[6] The notice of dismissal is effective immediately.[7] The notice closes the case, the district court is divested of jurisdiction over the case (except for consideration of collateral issues or exercising its supervisory powers), and not even a perfunctory order closing the case is needed.[8] Rule 41(a)(1)(B) provides that "unless the notice or stipulation states otherwise, the dismissal is without prejudice." Plaintiff has not stated whether he seeks a dismissal with or without prejudice, so Plaintiff has effectively requested a dismissal without prejudice.

Accordingly,

**IT IS ORDERED** that, in light of the Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A),[9] filed by Plaintiff Jamie Labranche, the Clerk of Court is directed to **CLOSE** the case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Order on Plaintiff Jamie LaBranche, via regular and certified mail, return receipt requested at the address listed on PACER.

Signed in Baton Rouge, Louisiana, this 12th day of May, 2021.

*/s/ Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[5] R. Doc. 6.
[6] Fed. R. Civ. P. 41(a)(1)(A)(i).
[7] *Qureshi v. U.S.*, 600 F.3d 523, 526 (5th Cir. 2010).
[8] *Id.*, citing *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).
[9] Rec. Doc. 10.